RANDY S. GROSSMAN
United States Attorney
LAWRENCE A. CASPER
California Bar No. 235110
Assistant United States Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6734

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LORENZO ANTHONY GARCIA,<br><br>　　　　Defendant. | Case No.: 20CR1222-GPC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br><br>Date: April 15, 2022<br>Time: 8:30 a.m. |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, and Lawrence A. Casper, Assistant United States Attorney, hereby files this Sentencing Memorandum.

**I.**
**INTRODUCTION**

**A. Procedural Background**

On May 20, 2020, a one-count indictment was filed charging Defendant Lorenzo Anthony GARCIA ("GARCIA") with a violation of 21 U.S.C. § 841(a) and (b)(1)(C), distribution

1

of fentanyl resulting in death. As detailed further below, the victim here was a 15-year old high school student. On October 8, 2021, a superseding information was filed that charged GARCIA with distribution of fentanyl. On the same day, GARCIA pleaded guilty to the superseding information.

### B. Factual Background

On Tuesday October 8, 2019, the grandfather of 15-year old high school sophomore student J.M.G.M went to his grandson's bedroom just after 7 a.m. to wake him for school. J.M.G.M., who was then living with his grandfather, did not respond. At 7:20 a.m., his grandfather tried to wake J.M.G.M. a second time; this time he entered the bedroom. The grandfather noticed that J.M.G.M. was cold to the touch and was not moving. The grandfather called J.M.G.M.'s brother and, together, they turned J.M.G.M. over from his stomach to his back. Once turned, they noticed blood near J.M.G.M.'s face and called for medical assistance. The El Centro Fire Department responded and found J.M.G.M. unresponsive; he was pronounced deceased at 7:40 a.m.

Shortly thereafter, at 7:48 a.m., El Centro Police officers responded to the residence. They located a five-dollar bill rolled into the shape of a makeshift straw on a dresser near J.M.G.M.'s bed. The straw was adjacent to a Visa card, a black knife, and a line of what subsequently tested positive as fentanyl, along with a clear plastic bag containing additional fentanyl (also tested positive) that had a bluish tint in the powder. Law enforcement believed

that J.M.G.M. had crushed several counterfeit M30 pills ("blues") laced with fentanyl and ingested the substance before his death.

Subsequently, the toxicology report revealed that J.M.G.M's blood contained a high-level (4.3 ng/mL) of fentanyl as well as a high-level of norfentanyl (the primary metabolite of fentanyl). The coroner concluded that the cause of J.M.G.M's death was acute fentanyl intoxication.

Through the investigation that followed from J.M.G.M.'s death, law enforcement determined that defendant Lorenzo GARCIA ("GARCIA") was the source of the fatal dose of fentanyl supplied to J.M.G.M.

Significantly, as acknowledged by GARCIA in his plea agreement, GARCIA was aware that J.M.G.M. was a juvenile high-school student at the time that he sold the fentanyl pills to him. Still, GARCIA proceeded with the sale. Moreover, upon his arrest on December 6, 2019 on an active state arrest warrant, GARCIA admitted that he understood how dangerous the counterfeit M30 pills were because of the fentanyl present in them. Further, he claimed that he stayed away from those pills and said that he had previously tried half a blue M30 pill approximately a year earlier and it had almost killed him. Despite that knowledge and experience, GARCIA still sold the fentanyl to minor J.M.G.M.

Through his plea agreement, GARCIA admitted that the fentanyl he sold to J.M.G.M. resulted in J.M.G.M.'s death. During his post-arrest interview, GARCIA also admitted that

3

conversations on his phone that including references to the sale of cocaine; M30 pills; Xanax pills, crystal methamphetamine and marijuana were, in fact, accurate. In fact, GARCIA was a drug dealer who dealt multiple drugs to multiple customers.

Further, GARCIA admitted to having been a Westside Centro gang member for at least six years, while he was a teenager. At the time of GARCIA's arrest on a state warrant, methamphetamine and marijuana were found on his person as well as a large knife. GARCIA claimed that he had found the methamphetamine on the ground during the walk from his house and that it was not his though he acknowledged the marijuana was his. GARCIA also claimed that the large knife he was carrying in a concealed manner on his person was used for his job as a field worker to cut down crops.

### C. GARCIA's Criminal History

At the time he committed this offense, GARCIA was operating under the judgment for his 2017 conviction for violation of PC 273.5(a) that resulted in injury to his girlfriend. The facts of that conviction are concerning and evidence GARCIA's willingness to use violence. Moreover, following his sentencing in that case, GARCIA had at least four probation revocations and, while operating under that sentence, was dealing drugs including, but not limited to, the fentanyl involved in this case. Before his 2017 conviction, in addition to his gang affiliation, GARCIA had two other convictions that each score for Guideline purposes.

4

In addition to his convictions, the PSR also identifies other conduct of concern including, but not limited to that discussed in paragraphs 50 through 52, each of which involved elements of, or associated with, violence. His criminal history also reveals that he has been in possession of methamphetamine on several occasions and has, himself, abused both methamphetamine and marijuana.

### D. **GARCIA's Guidelines Calculations**

Pursuant to the plea agreement, as the offense conduct resulted in the death of J.M.G.M., the base offense level is 38. GARCIA has accepted responsibility in this case and the Government recommends a three-level reduction pursuant to USSG § 3E1.1(a) and (b). Consistent with the agreement of the parties, in consideration of his age and other factors, the Government also recommends an additional two-level reduction for expeditious resolution/combination of circumstances pursuant to USSG § 5K2.0. Accordingly, the total offense level is 33. Defendant is in Criminal History Category IV with a range of 188-235 months in custody. Pursuant to the plea agreement, the Government has agreed to recommend the low-end of the Guideline range.

## II.

### SENTENCING

This case aptly demonstrates the extraordinarily devastating impact that fentanyl, a drug far more potent than heroin, has on lives. At the time of his death, J.M.G.M. was a high school sophomore who had played on the varsity football

5

team. He had a grandfather who was helping to raise him at his residence in El Centro. Two nights before his death, J.M.G.M. had two friends over and was listening to music. J.M.G.M. did not have a known history of drug use or abuse.

The knowing and intentional sale of fentanyl pills by GARCIA for profit when he had full knowledge of the dangers of fentanyl and the fact that J.M.G.M. was a high school student, deprived GARCIA not only of his youth but, in fact, his life. Since J.M.G.M.'s death, his grandfather, too, has, sadly, passed away. The devastating impact of this tragedy will, however, continue to echo throughout the lives of other family members who survive him.

Though this and like fentanyl overdose death cases may take those dealing this deadly poison off the street for a significant period and, thereby, protect others from the same fate as the victim, there are no true winners. These cases take lives. They rob families and friends of their loved ones. And fentanyl and other highly addictive opioids continue to ravage communities.

The Government recognizes that not only has J.M.G.M. been lost but, in fact, as a separate consequence of GARCIA's knowing and intentional acts, his freedom will be lost. As a result, GARCIA's own family and friends will suffer from GARCIA's actions. Nevertheless, as contrasted with J.M.G.M., GARCIA may ultimately be able to make amends for his conduct in this case and, ultimately, live a productive life upon his release from custody, while reuniting with his family. J.M.G.M. will not have that opportunity.

6

Despite the highly aggravated nature of the conduct in this case that involved selling a deadly drug to a juvenile that resulted in his death by a defendant with a prior criminal history that places him in Criminal History Category IV and, notwithstanding the plea agreement's reduction for the combination of circumstances described above, the United States is recommending a further 37-month variance in this case to ensure that the sentence here is sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a). Given the need to account for the nature and circumstances of the offense; the need to reflect the seriousness of the offense and to promote respect for the law; the need to afford adequate deterrence, both general and specific; and to protect the public against further crimes of this defendant, and considering the limited prior criminal history of this Defendant, the United States believes that a sentence of 151-months is sufficient but not greater than necessary in this case. The United States also recommends the 151-months in this case to prevent unwarranted sentencing disparities given the sentences imposed in this district on similarly situated defendants who have been convicted of the same offense involving fentanyl that resulted in death.

## III.

## CONCLUSION

For the foregoing reasons the United States urges the Court to sentence GARCIA to a 151-month sentence in this case.

DATED: April 8, 2022

                              Respectfully submitted,

                              RANDY S. GROSSMAN
                              United States Attorney

                              /s/Lawrence A. Casper
                              LAWRENCE A. CASPER
                              Assistant U.S. Attorney